IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

ETHAN PUGH,

              **Plaintiff**,

v.

MICHAEL SEAN COLEMAN, individually,
APRIL RILEY, individually,
STEVEN GRAHAM, individually,
PAT RYAN, individually

CIVIL ACTION NO.: 2:23-CV-11
(JUDGE KLEEH)

## REPORT AND RECOMMENDATION RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT [ECF NO. 16] BE GRANTED

Presently pending before the Court is Plaintiff's motion for default judgment[1] [ECF No. 16] filed on December 1, 2023. By Referral Order [ECF No. 20] entered on December 8, 2023, the Hon. Thomas S. Kleeh, Chief United States District Judge, referred the motion [ECF No. 16] to the undersigned Magistrate Judge for a written report and recommendation as to the appropriate disposition.

On September 18, 2023, Plaintiff filed a Complaint against Defendants Michael Sean Coleman ("Coleman"), April Riley, Steven Graham, and Pat Ryan. [ECF No. 1]. Each Defendant was sent a Waiver of Service on September 19, 2023 advising that an answer was due on November 20, 2023. A Waiver of Service was returned executed for Coleman on October 2, 2023. [ECF No. 2]. On December 1, 2023, Plaintiff filed a motion for default judgment [ECF No. 16] stating that

---

[1] The undersigned construes the pending motion as one for *default*, instead of one for *default judgment*. The motion is presented as one for *default judgment*, but in the ordinary course, a party in the procedural posture of the movant herein first must obtain default before ultimately obtaining default *judgment*. Fed. R. Civ. P. 55(a)-(b); see generally U.S. v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

1

Coleman failed to file an Answer or any other responsive pleading within 60 days from September 19, 2023 pursuant to the Waiver of the Service of Summons. [ECF No. 2].

By Order to Show Cause entered on December 11, 2023 [ECF No. 22], the undersigned ordered Coleman to show cause, within fourteen (14) days of its receipt of the Order to Show Cause, why Plaintiff's pending motion should not be granted. A review of the docket indicates Defendant Coleman accepted service on December 20, 2023. [ECF No. 24]. To date, as of April 12, 2024, Coleman has failed to respond by Answer or any other responsive pleading.

Under the Federal Rules of Civil Procedure, when a party fails to defend as directed and required, the party seeking default against such party may file a motion for such relief, whereupon the Court may conduct proceedings to determine damages at issue. See Fed. R. Civ. P. 55(b)(2)(B); see generally U.S. v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). Here, by the undersigned's Order to Show Cause [ECF No. 22], Coleman has been informed in writing, unequivocally, that failure to file a responsive pleading may well result in default entered against it, which ultimately may result in a finding of damages. Nonetheless, despite receiving notice and having opportunity to respond, Coleman has failed to respond as directed.

Thus, based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff's pending motion for default [ECF No. 16] be **GRANTED**.[2]

Any party shall have fourteen (14) days from the date of service of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the presiding United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten

---

[2] The undersigned distinguishes between entry of default here at this stage of the matter, and the potential for an ultimate entry of judgment against a party.

pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to parties who appear *pro se* by certified mail, return receipt requested, and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted on April 16, 2024.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE